UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| Rahul Chaturvedi, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. 25-CV-13632-AK |
| v. | ) | |
| | ) | |
| Arvind Kumar Jaiswal, Siddharth Siddharth, | ) | |
| Manuel Garabal, John Does 1-20, | ) | |
| Jane Does 1-20 | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER ON
## PETITIONER'S APPLICATION UNDER THE ALL WRITS ACT

**A. KELLEY, D.J.**

    Before this Court is Petitioner Rahul Chaturvedi's Emergency Application Under the All Writs Act. [See Dkts. 1, 12]. Although somewhat difficult to determine, it appears Mr. Chaturvedi is requesting some type of intervention in a supplementary process proceeding in the Falmouth District Court for fear that it is requiring certain disclosures in violation of the "Defend Trade Secrets Act, the Lanham Act, and 42 U.S.C. § 1983, and [other] federal rights." [Dkt. 1 at 2]. Important to the below analysis, a supplementary process is "a lawsuit to collect a judgment that the court already awarded." Court Forms for Supplementary Process, https://www.mass.gov/lists/court-forms-for-supplementary-process (last visited December 5, 2025).

    Federal courts possess inherent authority to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101, 107 (2017) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)). This

1

includes the power to dismiss actions that are frivolous or malicious.  See Mallard v. United States Dist. Ct., 490 U.S. 296, 307-08 (1989); Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co., 771 F.2d 5, 11 n.5 (1st Cir. 1985).  A claim is legally frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Importantly, pro se actions are construed liberally.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  Even under this generous standard, dismissal is warranted because the request lacks any plausible basis in law. See Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008) (stating that a complaint must allege a plausible entitlement to relief).

To the extent Plaintiff challenges either the underlying action in which a finding was made against Mr. Chaturvedi or the currently active supplementary process proceeding, such action is barred by two related jurisdictional doctrines: Rooker-Feldman and Younger abstention. Under the Rooker-Feldman doctrine, federal district courts lack authority to review or overturn final state-court judgments.[1]  See Geiger v. Foley Hoag LLP Retirement Plan, 521 F.3d 60, 65 (1st Cir. 2008).  As a result, the Court lacks jurisdiction to address the underlying judgment against Mr. Chaturvedi.

The Younger abstention doctrine arises from Younger v. Harris, 401 U.S. 37 (1971) and bars the exercise of federal jurisdiction in certain circumstances. In Sirva Relocation, LLC v. Richie, 794 F.3d 185 (1st Cir. 2015), the First Circuit devised a three-step approach to determine the applicability of Younger abstention. "To begin, a federal court must ascertain whether a particular state proceeding falls within the Younger taxonomy.  If so, the court must then take the second step and consider whether the Middlesex factors support abstention.  And if these two steps leave the case on track for abstention, the court must take the third step and determine

---

[1] The doctrine is named after the Supreme Court decisions in District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

2

whether any of the isthmian exceptions to the Younger doctrine apply." Id. at 192-93.  As to the first step, three types of cases fall within the Younger taxonomy: "(i) criminal prosecutions, (ii) 'civil proceedings that are akin to criminal prosecutions,' and (iii) proceedings 'that implicate a State's interest in enforcing the orders and judgments of its courts.'" Id. at 192 (quoting Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72-73 (2013).  Turning to the second step, the Middlesex factors advise abstention if the exercise of federal jurisdiction "would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge." Rossi v. Gemma, 489 F.3d 26, 34-35 (1st Cir. 2007).  Finally, exceptions to the Younger abstention doctrine include: (1) "when a state proceeding is brought in bad faith, that is, for the purpose of harassment," (2) "if the state forum provides inadequate protection of federal rights," and (3) "when a state statute is 'flagrantly and patently violative of express constitutional prohibitions.'" Sirva Relocation, LLC, 794 F.3d at 192 (quoting Younger, 401 U.S. at 53) (citations omitted).

Here, Plaintiff seemingly seeks intervention in the supplementary process proceeding, which he claims is requiring the disclosure of protected secrets.  Looking to the first step, the supplementary process proceeding, a lawsuit to allow the collection of a judgment that the court has already awarded, is a civil proceeding that obviously implicates the State's interest in enforcing the judgments of its courts.  Turning to the Middlesex factors: (1) the supplementary process proceeding is ongoing, (2) it is an important state interest to enforce final court judgments, and (3) Mr. Chaturvedi has offered no evidence that the Falmouth District Court does not provide an adequate forum to advance his federal challenges.  Finally, none of the recognized

exceptions to abstention are applicable in the instant case. Thus, this Court lacks subject matter jurisdiction under the Younger abstention doctrine.

## I. CONCLUSION

For the foregoing reasons, Petitioner Rahul Chaturvedi's Emergency Application Under the All Writs Act [see Dkts. 1, 12] is **DISMISSED**. The Emergency Motion for Temporary Restraining Order [Dkt. 2] and Motion for Administrative Clarification of Initiating Document and Case Scheduling [Dkt. 12] are **DENIED AS MOOT**. Nothing in this **ORDER** prevents Mr. Chaturvedi from filing a future federal complaint to rectify a violation of the Defend Trade Secrets Act, the Lanham Act, or 42 U.S.C. § 1983.

**SO ORDERED.**

Dated: December 9, 2025                                  /s/ Angel Kelley
                                                        Hon. Angel Kelley
                                                        United States District Judge